## Bennett & Hall *vs.* Burch.

Where a witness for the plaintiffs proved a demand of the defendant and his refusal to pay over certain monies; *Held,* that the defendant had a right to ask the witness what reason he gave for his refusal.

Where a party justifies under the order of an officer having a special and limited jurisdiction, he must show that the officer had jurisdiction of the subject matter and of the parties to the controversy, and that the order was such an one as the law authorized the officer to make.

There is, however, this qualification to the rule above stated, that where the order or its face is such an one as the officer may make, another officer, for whose guidance and control it was made, may justify under it, without shewing jurisdiction in the particular case.

The superintendent of common schools has no general power over school money in the hands of the commissioners of common schools; and therefore, where there is no appeal or other proceeding pending before him, he is not authorized to make an order directing the commissioners of a town to retain in their hands, to abide such order as may be thereafter made, the money about to be apportioned pursuant to law to a school district for teachers' wages.

Where the trustees of a district had recovered a judgment, before a justice of the peace, against the commissioners of the town, for the school moneys apportioned to their district, but withheld from them; an order made by the superintendent of common schools, after the recovery of such judgment, cannot be given in evidence upon the trial of the cause upon appeal, in the court of common pleas.

Recitals contained in an order of the superintendent of common schools, stating the pendency of an appeal or controversy, in the course of which such order was made, are not evidence of the matter so recited.

Where an act of the legislature (*Laws* 1842, *p.* 283) directed that the amount of a judgment recovered against former trustees of a school district for teachers' wages, should be levied and collected by tax—the part which was for wages against those who had sent to school, and the plaintiffs costs, together with the expenses of the defence, against the taxable inhabitants of the district—and the officers of the district had neglected to execute the law; *Held,* that the superintendent of common schools was not, for such cause, authorized to prohibit the school moneys thereafter apportioned to the district, under the general laws of the state, from being paid over to the trustees.

Error from the Chenango common pleas. Bennett and Hall, as trustees of school district No. 16, in New Berlin, on the 6th day of April, 1843, sued Burch before a justice of the peace, and declared against him as one of the commissioners of common schools of that town, for $73.79 of debt, being the amount of public school money set off and apportioned according to law

to that district, on the first Tuesday of April, 1843, and which had been received by the defendant, who, it was alleged, had refused to pay it to the plaintiffs, or to the clerk of the district. The defendant plead *nil debet*, and gave notice of special matter. The plaintiffs recovered before the justice, the judgment being rendered the 19th April, 1843; and the defendant appealed to the court of common pleas. On the trial in that court, the official character of the parties as above mentioned, was proved; and it was shown that $89,97 had been apportioned to the school district referred to, for library and school money, and that the same had come to the hands of the defendant. The plaintiffs, on the same day the suit was commenced, but at an earlier hour in the day, had, in behalf of their district and as its trustees, demanded these moneys of the defendant, who paid them $16,18, being the library money, but refused to pay, and retained the school moneys, being the sum mentioned in the declaration. The defendant's counsel inquired of the witness by whom the demand was proved, what reason the defendant assigned for his refusal. The plaintiffs' counsel objected to the evidence, but the court overruled the objection, and the witness testified that the defendant stated that he had an order from the superintendent of common schools directing him to retain the money. That he exhibited the paper to which he referred, to the plaintiffs, who took a copy of it. Upon this the plaintiffs rested, and the defendant's counsel offered in evidence the paper referred to, which was signed by the secretary of state as super intendent of common schools, and was under the seal of his office, and was in the following words:

"State of New-York, secretary's office; department of common schools, Albany, March 31, 1843.

" The commissioners of common schools of the town of New Berlin, are hereby directed to retain in their hands any amount of teachers' money which may be apportioned to district No. 16, in said town, at their ensuing apportionment, to abide such order as may be hereafter made in the premises by this department. Given under my hand," &c.

The plaintiffs' counsel objected to the evidence, on the ground

that no appeal or other proceeding was proved to have been pending before the superintendent, and that, in the absence of such proof, the superintendent did not appear to have any jurisdiction of the matter, and the court excluded the paper.

At a subsequent stage of the trial, the defendant's counsel offered in evidence a paper under the hand of the superintendent, authenticated in the same manner with the other, dated Albany, April 25, 1845. It was entitled, " Samuel White, Tracy S. Knapp and Arnold Field vs. The Inhabitants of District No. 16, in the Town of New Berlin." It stated that the appellants, White, Knapp and Field, late trustees of school district No. 16, in New Berlin, claimed to be entitled to $516,16, by virtue of the provisions of ch. 230 of the laws of 1842, (p. 283,) being the amount of a judgment recovered against them, by a former school teacher of the district for wages, including the expenses of their defence. It then recited the provisions of the said act, which directed the collection of that money from the inhabitants of the district, and the payment of the same to Messrs. White, Knapp and Field, for their reimbursement, and proceeded to state that although more than a year had elapsed since the passage of the act, the inhabitants and the trustees had wholly omitted to carry its provisions into effect, and that the trustees had evinced a settled determination to resist the payment of the demand, notwithstanding the explicit directions of the act and the obvious justice and equity of the claim. That the inhabitants of the district had uniformly manifested a disposition to comply with the law, or at least to make an equitable compromise with these claimants, and that they had informally communicated to the department· their desire that a portion of the public money should annually be appropriated to the payment of the demand ;. and that in order to afford an opportunity for a formal expression of opinion in respect to that proposition, the commissioners of common schools of that town had been directed, by an order of that department, to retain in their hands the public moneys apportioned to the district for the then present year, until otherwise ordered, which direction had been complied with. After further stating that it was very de

sirable that the matter should be arranged, and that it was understood that the appellants were willing to accept of a smaller sum than the amount due to them, and that under the equitable powers vested in the department, the superintendent would not hesitate to direct such an application of the teachers' wages, for the settlement of the claim, as a majority of the inhabitants might at a special meeting direct; and that in case they should prefer such a mode of payment in preference to the method indicated by the act of 1842, the commissioners would be directed to pay over the amount of teachers' money, for the present year, towards the extinguishment of the demand; the commissioners were directed to pay over to the trustees the library money for the present year, and the trustees were directed to call a special meeting of the inhabitants of the district, at the school house, on some day prior to the tenth May then next, for the purpose of adopting such measures with reference to the final adjustment of the claims of Messrs. White, Knapp and Field, and the disposition of the teachers' money for the then present year, as they might deem expedient; and the district clerk was directed to transmit the proceedings of the meeting to the department.

The defendant's counsel objected to the reading of this paper in evidence, on the grounds, among others, that it was made after the commencement of the suit, and after judgment was recovered before the justice; that the recitals contained in it were not evidence, and did not prove any appeal pending before the superintendent, and that the proceeding contemplated by it was illegal. The court overruled the objections and admitted the paper in evidence. The order of the 31st March, 1843, was then again offered, and was received in evidence, notwithstanding the objections of the plaintiffs' counsel.

The court charged the jury that the order of the superintendent justified the defendant in withholding the money from the plaintiffs, and furnished a perfect defence to the action. Exceptions were duly taken by the plaintiffs' counsel to the decisions of the court respecting the admission of testimony, and to the charge. The jury found a verdict for the defendant, upon

which the court rendered judgment, and a bill of exceptions was sealed by the judges.

*H. Bennett*, for plaintiffs in error.

*H. O. Southworth*, for defendant in error.

*By the Court*, Beardsley, J. A witness for the plaintiffs testified that the defendant refused to pay the school money to the plaintiffs, when requested so to do by them. The witness was then asked by the defendant's counsel to state the reasons which were given at the time by the defendant for his refusal to pay over the money, to which inquiry the plaintiffs objected, but the objection was overruled by the court, and the witness was allowed to testify on that point.

The decision was correct: the reasons assigned for the refusal were essential parts of the act of refusal, and the defendant was plainly entitled to have the entire act placed before the jury.

The other exceptions on the part of the plaintiffs may be disposed of together.

Conceding the two orders of the superintendent of common schools to have been duly proved, (a point I have not looked at,) the question then arises as to their effect. The court of common pleas held that they justified the defendant in retaining the school money in his hands, and therefore constituted a good bar to the action; and this is the only question which need be considered.

The principles which apply to all such cases, and which must govern this, are elementary and familiar. In general, it must be shown that the officer by whom an order was made had jurisdiction of the subject matter to which the order relates, as well as of the parties to the controversy and upon whom the order is to operate; and that the order is one which the law authorized such officer to make. But there is an exception or qualification to this rule; for where an order, on its face, is such as the officer from whom it emanates may make, for the guidance and control of another officer, the latter may justify under the order alone, without showing that jurisdiction had been acquired in the par-

ticular·case in which ·the order was made. On this ·principle the process of a court of limited jurisdiction· will, alone, furnish a justification to the ministerial officer to whom it is directed and who obeys its mandate. But for this purpose the process or order must emanate from a court or officer having jurisdiction· of the subject matter, and must in substance and effect be such as the court or officer was authorized to issue or make. (*Savacool* v. *Boughton*, 5 *Wend.* 170.)

These rules apply to every tribunal and to every officer, whose jurisdiction and authority are special and limited. The superintendent of common schools is such an officer, and the validity of his acts and doings must depend upon their conformity to the principles which have been stated. His determinations are called orders: they might as well be denominated judgments. But this is not material: the law is the same, whatever word may be used to designate the act done.

The first order in point of time is that of the 31st of March, 1843. It directs the commissioners of common schools of the town·of New Berlin "to retain in their hands any amount of teachers' money which may be apportioned to district number 16 in said town at their next ensuing apportionment, to abide such order as may be hereafter made in the premises by this department."

What the *premises* referred to in the order were, does not appear from any thing stated in it, nor does the order show that any appeal or matter of that nature was pending before the superintendent, and to which this order might be supposed to have reference. Standing by itself, the order must certainly be disregarded as having been made without authority. The superintendent of common schools has no general jurisdiction over money in the hands of school commissioners, nor authority to direct these officers, unqualifiedly, to retain in their own hands money which may thereafter be apportioned to school districts. Had the order on its face shown that an appeal on this subject was pending before the superintendent, the case would have been otherwise, and the order alone might have furnished a

complete defence to the action. (1 *R.. S.* 487, § 124, *2d ed.;* *Sess. L. of* 1841, *p.* 244, § 40.)

But it is argued that the order of the 25th of April, 1843, shows the pendency of a case before the superintendent, in which he was authorized to make the preceding order, and that the two, taken together, make out a complete defence to the action.

The order of the 25th of April is entitled between three persons, (White, Knapp and Field,) against the inhabitants of district No. 16 in the town of New Berlin. It commences by a recital of what the appellants, (White, Knapp and Field,) claim as their due under the act of April 12, 1842, (*Laws of* 1842, *p.* 283,) being the amount of a judgment theretofore recovered against them, including disbursements, and of what was authorized by said act, with various other matters which are adverted to and commented on in said order. It also contains many suggestions which were obviously, and very properly, designed to bring to a close the unfortunate controversy existing in this district, and it concludes by directing the trustees of the district to call a special meeting to adopt " such measures with reference to the final adjustment of the claims of Messrs. Knapp, White and Field, and the disposition of the teachers' money for the present year as " might be deemed expedient.

As an *order*, this plainly could not affect the parties to this litigation. When it was made, the plaintiffs had already recovered a judgment against the defendant, before the justice, and which was then in full force, but from which the defendant subsequently appealed to the court of common pleas.

And as to the various matters spread out in the order by way of *recital*, they are not proved by being so recited. These facts, as far as they were material to give jurisdiction to the superintendent, must be proved in the ordinary way: and in no case can it be done by a mere recital like this, unless the legislature by law declare that such effect shall be given to a recital. The legislature may do it, but the common law knows nothing of that mode of proof.

But if the recited facts had been duly proved, I do not see that they could have aided the defendant. The act of 1842

confers no authority on the superintendent to prohibit the school commissioners of New Berlin from paying over money to district number 16, nor does any other statute, of which I have knowledge, assume to clothe him with such a power.

These orders, then, must be laid out of the case; and as the cause was determined upon them by the common pleas, the judgment of that court, in my opinion, should be reversed.

In thus disposing of this case it seems but proper to remark, that although the defendant was not, in law, justified in retaining the school money, he appears to have acted with entire good faith, and under the firm persuasion that it was his duty so to do. I think he was mistaken, as the order of the superintendent could afford him no protection; but beyond this there appears no ground for censure or complaint.

By the act of 1842, this school district was charged with the expenses of a prior litigation with a teacher, amounting to several hundred dollars. The present lawsuit is an offspring of the old one, and true to its nature, this in turn may be expected to carry forward the work of litigious propagation. Such a state of things in a school district is truly deplorable. Time and money have been expended in these lawsuits, while the district must have been constantly agitated by strife and contention. The district school could not have escaped the malign influence of surrounding circumstances, and in this manner the heaviest curse was made to fall upon the young. These things should not be: and the court would earnestly advise the good people of this district to come together like friends, and by a common effort for peace, cost in money almost whatever it may, to cancel these claims and burthens upon the district, and bring these controversies. in all their aspects, to a speedy and final close.

Judgment reversed.