BUELL and others *against* The Trustees of the Village of Lockport.

Where a judgment of nonsuit has been reversed by this court, and a new trial ordered, the right of the plaintiffs to recover upon proving the facts stated in their pleading is established by the judgment.

The trustees of the village of Lockport can not impeach a record of their acts in appropriating lands for a street, where they had jurisdiction of the pro-ceeding.

The offer of evidence to show a want of jurisdiction, should be such as to bring the act sought to be impeached clearly without the jurisdiction, or its ex-clusion will not be error.

This was an action of debt brought in 1845 by the plaintiffs, to recover of the defendants the amount of dam-ages assessed to them upon the opening of a street in the village of Lockport, and adjudged to them by the president of the village, under the 43d section of the act incorpo-rating it (*Laws* 1829, *p.* 141). The defense set up was,

1. That the defendants had no authority to pass the ordinance, and that all the proceedings thereon were therefore void; the act authorizing the proceedings only in cases where "the land of any person is necessary to be taken for a street, including the site of any building or buildings, *the expenses of removing which shall not exceed one hundred dollars.*" 2. That no authority was given to the defendants to collect the sum awarded. 3. That the defendants never took possession of the land, nor appropriated it. 4. That no assessment had ever been made. 5. That one of the proprietors of the land appropriated by the ordinance had appealed from the assessment, for the reason that the proposed street was over and across buildings, the value and expense of removing which would exceed one hundred dollars; and 6. That the ordinance ceased to be operative in six years from its date. The cause was originally tried at the Niagara circuit, in October, 1845, before the Hon. Nathan Dayton, then circuit judge, when the plaintiffs were non suited, upon the ground that they were not named in the precept directed to the jury to assess the damages. The supreme court refused to grant a new trial, and upon appeal to this court its judgment was reversed, and a new trial was ordered. (*See* 3 *Coms.* 197.) The second trial took place in Feb., 1850, at the same circuit, before Mr. Justice Hoyt, when a verdict was rendered for the plaintiffs, for the amount originally awarded, with interest. A bill of exceptions was made, which was examined at a general term of the supreme court, in the eighth judicial district, and a new trial denied. The defendants appealed to this court. The facts of the case, with the opinion of the supreme court, will be found in 11th Barbour, 602, and in the opinion of judge Willard in this court.

J. L. Curtenius for appellants.

H. Gardiner for respondents.

WILLARD, J.  The decision of the court of appeals on the former appeal in this cause disposes of it.  The right of the plaintiffs to recover on proving the facts stated in their declaration, was directly involved, and must be deemed established by the reversal of the judgment of nonsuit, and the award of a new trial.  Unless some ground of defense was disclosed by the defendants on the last trial, which was not brought to the notice of this court upon the former appeal, the judgment of the court below should be affirmed No material change in the proof has been pointed out by the counsel for the appellants.  He has argued the case as if nothing was settled by the court of appeals but that, the omission of the plaintiff's name in the precept to summon the jury was not a bar to their recovery.  He has treated the plaintiff's right as an open question.  It may be well, therefore, to consider the effect upon the rights of the parties to the record made up under the direction of the defendants, and signed by their president.

The question does not arise upon a certiorari to reverse the adjudication for any want of conformity to the requirements of the charter; nor in an action against the trustees for taking the property which they had appropriated for the continuation of Saxton street, and in which they are seeking to defend themselves under a record made up by themselves.  But it arises in an action brought in affirmance of their acts, and not in hostility to them; and it presents the grave question how far they shall be permitted to repudiate their own liability, the existence of which they had acknowledged in the most solemn manner.  It is quite obvious that the claim to impeach a record made up at the instance and for the benefit of the party assailing it, rests on different principles from those which control on reviewing it by certiorari; or when it is set up in justification of acts done under it.

If the defendants were seeking to defend themselves from an action brought by the owners of the property for entering upon the premises appropriated after a tender of

SEL. IV.—8

the amount assessed and a refusal, the record would be conclusive evidence of every fact recited in it, after jurisdiction had been shown, and *prima facie* evidence of the jurisdictional facts. (*Gray* v. *Cookson*, 16 *East*, 13; *Cow. and Hill's notes*, 1014, 1016; *Bennett* v. *Burder*, 1 *Denio*, 141; *Jenks* v. *Stebbins*, 11 *Johns.* 224; *Barber* v. *Winslow*, 12 *Wend.* 102; *Moody* v. *Thurston*, 1 *Str.* 481; *Van Steinburgh* v.*Bigelow*, 3 *Wend.* 42; *Boothard* v. *Dias*, 3 *Den.* 242; *Harrington* v. *People*, 6 *Barb.* 610; *Polly* v. *the S. & W. Rail Road Co.* 9 *Barb.* 449; *Adams* v. *S. & W. Rail Road Co.* 11 *id.* 414, 455-6.) The case of *Adams* v. *The S. and W. Rail Road Co.* was reversed by this court in April, 1852, but upon a point not affecting this question. The court understood the supreme court as excluding evidence, tending to show a want of jurisdiction in the officer making up the record, and for that reason alone reversed the judgment, and ordered a new trial. The present case does not rest upon the record for the evidence of the jurisdictional facts. They were the ordinance opening Saxton street, and the disagreement between the trustees and the known owners as to price. These facts were proved by extrinsic evidence, and were not controverted. This court, when the cause was here on the former appeal, held that the naming of the known owners in the process was not a jurisdictional requirement. The omission to name them was therefore waived by their appearing and not raising the objection in some other form.

The offer to show that certain jurors were not freeholders was properly rejected. The fact that the land had not been taken by the defendants and has been sold by the plaintiffs, was entirely immaterial. The defendants could not take the land until payment or a tender of the amount and refusal by the plaintiffs to accept it. The constitutionality of the act was passed upon by this court on the former hearing and is not open to dispute.

On the trial the defendants' counsel offered to prove that in continuing, laying out and opening this street it included

the site of a building, the expense of the removal of which would exceed one hundred dollars. To this the plaintiffs counsel objected unless the building was on the land of the plaintiffs, and the court sustained the objection and excluded the evidence, but decided that the defendants might show that there was such a building upon the land of the plaintiffs taken for the street. To this the defendants' counsel excepted. The offer was not in the language of the prohibitory clause of the 36th section. That forbids the laying out of a street, &c., "*so as to. run across, or over the site of any building.*" The offer did not propose to prove that the street ran across or over the site of any building, but only that it *included* the site of a building. Now the building may have been moved off by the owner before the street was laid out, and the street merely included the *site* of the building. Of course if the building had been previously removed, the street could not run across or over it though it might include its site. The true construction of the prohibition is that the trustees should not take a building against the will of the owner, the expense of removing which would be over one hundred dollars, if there was but one, and if there were several in the same street, they should not be taken if the aggregate expense of removing them exceeded one hundred dollars; but if the owner consented to remove them at his own expense, and raised no objection to their removal, I can not think the trustees were ousted of their jurisdiction. The exception was not well taken.

The known owners who appeared before the jury and litigated their claims, are by the 43d section of the charter concluded by the verdict and judgment thereupon, if followed up by payment of the award, or a tender and refusal. If the defendants omit or refuse to pay, the owner in whose favor judgment has been pronounced on the verdict, can on common law principles maintain an action of debt for the amount. On recovering the sum so awarded,

the title to the land becomes immediately vested in the trustees in the same manner as if the payment were voluntary. By bringing their action upon the judgment, the plaintiffs declare their election to be bound by it. The clause in the 46th section authorizing the known owners to sue upon the judgment in case payment is refused, is merely an affirmance of the common law. Independently of that section the party in whose favor a verdict was rendered and judgment thereon pronounced, could maintain an action of debt. (*Bac. Ab. Tit debt A;* 1 *Chitty Pl.* 103 *et seq.*) By another judgment to be pronounced on the verdict, the legislature give by implication the common law remedy to enforce it, and the binding and conclusive nature of a judgment at common law is imparted to it. Whether the tribunal by which it is rendered, be clothed with limited or general powers, whether it is a court of record or otherwise, makes no sort of difference; so long as it acts within the sphere to which it has been assigned, its adjudications are conclusive upon the parties. (*Cow. and Hills notes* 825 *et seq.*)

Without the last clause of the 46th section the unknown owners probably could not maintain an action upon the judgment. Hence they are required, after their land has been appropriated and used, to establish to the satisfaction of the trustees the extent of their interest in the premises so appropriated, and to demand payment before they can maintain any action. And it is with reference to them, doubtless, that the last clause of this section makes the proceedings under the precept and antecedents thereto *presumptive* evidence, while with reference to the known owners who were personally notified of the proceedings under the 43d section, the verdict and judgment are made *conclusive.* It would be manifestly unjust to make a judgment conclusive against parties not named in the record, and who were not in fact present to protect their rights. The clause in the 46th section, allowing the known owners

named in the precept, on refusal of the trustees to pay, to prosecute, was doubtless inserted to avoid the inference which might be drawn from the *express* grant of power to sue, given the unknown owners, and the silence on the same subject as to the known owners. The clause in truth, gave to the known owners no power which they did not · possess without it.

The learned counsel for the appellants presented a great variety of points, which he endeavored to support by adjudged cases. But if I am right in holding the judgment conclusive upon the defendants, it will be unnecessary to notice them more at large. I think the cause was rightly disposed of by the supreme court, and therefore its judgment should be affirmed.

JEWETT, J., read an opinion, in which he concurred with the supreme court upon all the questions in the case, except the disposition of the offer of the defendants' counsel upon the trial, to prove that "in the continuing, laying out and opening of the street, it included the site of a building, the expense of the removal of which would exceed one hundred dollars." He was of opinion that the court erred in excluding this evidence, and that the fact proposed to be proved went distinctly to show that the trustees had no jurisdiction to lay out the street, and that their acts were consequently void: that the trustees of the village of Lockport exercise a limited jurisdiction in laying out streets, and although it may be presumed until the contrary appears, that in laying out a street they have proceeded legally, yet their acts may be impeached by showing that they exceeded their powers, and that the statute gives them no power to adjudicate upon the question whether there is any building upon the line of a proposed street, or to determine whether the expense of its removal exceeds one hundred dollars.

All the other judges were of opinion that the offer of the defendant's counsel did not properly raise the ques

tion as to the excess of power by the trustees, and were therefore concurred in the conclusion of judge Willard.

Judgment affirmed.