## WILLIAM PEREGO v. HENRY PURDY.

Where, in an action for goods sold and delivered to defendant, upon his written order, the plaintiff proved an admission by the defendant, that the signature to the order for the goods was his, but it appeared that the defendant, at the same time, added that the goods were delivered on a credit which had not expired. *Held*, that the whole admission must be taken together.

There being no testimony in the case, but the defendant's admission, to charge him as drawer of the order, a judgment for the plaintiff was reversed as against evidence.

The general rule in such cases is, that the whole of the admission must be taken together; and if there is no evidence in the cause which contradicts the part which discharges the defendant's liability, that portion cannot be disregarded. Part cannot be taken and part rejected.

APPEAL from a judgment of the Third District Court. This was an action for goods sold and delivered, upon a written order signed by the defendant. To prove the signature, the plaintiff relied wholly on an admission of defendant. It appeared, however, by the cross-examination of the witness, who testified to this admission, that at the time when defendant made it, he also said that the goods were purchased on time; that he was to have them on a four months' credit; and that the credit had not expired.

The action was commenced in less than four months from the sale.

The defendant's counsel moved to dismiss the complaint, which motion was denied. Judgment was rendered for the plaintiff, from which defendant appealed.

*W. C. Carpenter*, for the appellant.

*B. D. Wisner*, for the respondent.

INGRAHAM, FIRST JUDGE.—Upon the trial of this cause, the defendant's admission was received, that the signature to the order for the goods on which the action was founded was his, but he at the same time added, that the goods were delivered on four months' credit, and that the credit had not expired. The justice disregarded the latter part of the admission, and rendered judgment for the plaintiff.

The general rule is, that the whole admission must be taken together, and if there is no evidence in the cause to contradict the portion which discharges the liability, it cannot be disregarded.

In *Carver* v. *Tracy* (3 J. R. 427), the court said, the whole conversation must be taken together. The plaintiff could not take one part and reject the other.

In *Wailing* v. *Toll* (9 J. R. 141), the court said, the plaintiff relying upon the defendant's confession, that confession must be taken altogether.

In *Fenner* v. *Lewis* (10 J. R. 38), the judge said, if you will examine as to the confession of a party, you must take the whole confession together.

In *Credit* v. *Brown* (10 J. R. 365), the defendant's confession contained a justification, and the court said, there was no proof to charge the defendant, except his own confession, which the jury ought to have taken together, and not have charged him with doing the injury, without giving due weight to what he said at the same time in justification. See also 15 J. R. 229.

This rule was sanctioned by the Court of Appeals, in *Lord* v. *Payne* (4 Comstock, 247), where it was held, that a party, seeking to make his adversary's books evidence in his favor, cannot do so without taking the whole account together. It is added in that case, " the accounts are received in like manner as the oral admissions of the party, the whole of which or none must be received. The defendant is concluded by it, unless he wholly disproves the items."

It is true that, under such circumstances, the whole-admission is not entitled to the same degree of credit. Uncontradicted, it must be believed, but the adverse party may show by other evidence that such discharging matter is not true, or offer facts tending to discredit it with the jury, and then and only in such cases may they disregard it.

There was no evidence in this case but the defendant's admission to charge him as the drawer of the order, and there was nothing which warranted the jury in disbelieving the assertion made by him, at the same time, that the goods were sold on credit.

Judgment reversed.