THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Appellant, *against* MICHAEL RYAN, impleaded with AUGUST SIBBERNS, Respondent.

(Decided February 4th, 1878.)

In an action against the sureties on the official bond of a marshal of the city of New York, where the alleged breach of the bond is misconduct of the marshal, in levying upon the goods of one person under an execution against another, the judgment in an action by the party whose goods were taken against the marshal for the unlawful taking may be given in evidence, although the record does not show that the judgment was recovered against him as a marshal, or for misconduct in his office. Such evidence is material to prove the act of taking, and parol evidence *dehors* the record may be given to show the grounds of the judgment, and that the act was done *colore officii.*

APPEAL from a judgment in favor of defendant.
The facts are stated in the opinion.

ROBINSON, J.—The decision of the Court of Appeals on the former appeal taken in this action to that court from a judgment of this court that had been affirmed at general term, and whereby the judgment rendered in favor of the defendant in this court was reversed, is conclusive upon

plaintiff's right of recovery upon the facts alleged and proved.

The very point now taken, that the surety upon the official bond of a city constable was not liable for his official misconduct upon a judgment rendered against him for the unlawful detention of personal property, under color of official duty, where he was not sued by name or by allegation of his having acted in such official capacity, was specifically taken on the former trial, but does not appear to have been so addressed to the attention of the court, at general term or in the Court of Appeals, as to have called for any expression of opinion on either occasion. The defendant's points, however, presented this omission as one debarring any right of recovery, and notwithstanding it was so urged the Court of Appeals granted a new trial.

This brings the case fairly within the principle decided by the Court of Appeals in the case of *Buell* v. *The Trustees of Lockport* (8 N. Y. 55). In which the court say (what is applicable to the present case): " The decision of the Court of Appeals on the former appeal in this case disposes of it. The right of plaintiff to recover, on proving the facts stated in their declaration, was directly involved, and must be deemed established by the reversal of the judgment of non suit, and the award of a new trial. Unless some ground of defense was disclosed by the defendant on the last trial which was not brought to the notice of the court upon the former appeal, the judgment of the court below should be affirmed." The only qualification now to be noted is as to the last sentence, where the court below had recognized the principle stated; but in this case it was at trial overlooked or disregarded, and the principle decided requires a reversal.

But in addition to this, the case presented fully showed that the judgment against Sibberns was for official misconduct by him as constable, in levying under an execution issued to him against the property of one person upon that of the person aggrieved, and for which the action was brought and judgment recovered. Objection was taken on the trial by the defendant, Ryan, the surety upon the official

bond in suit, to the introduction of the judgment record in the action brought by Redman against Sibberns, the constable, for the unlawful taking and detaining of whose property by him by virtue of an execution against other persons. The recovery was had, because, as claimed, it failed to prove a recovery against such constable for any default or misconduct in office. The objection was sustained and plaintiff excepted.

The exception was well taken. The fact of a recovery for an unlawful act was material, and defendant's liability as surety upon the official bond of the officer for unlawfully taking, under an execution, the property of a third person, is well established by the decisions of our courts. (*The People ex rel. Kellogg* v. *Schuyler*, 4 Coms. 172; *Pond* v. *Leman*, 43 Barb. 155; *Rogers* v. *Weir*, 34 N. Y. 465.) The judgment need not necessarily disclose the assumed authority of the officer. Such an allegation against one acting under *color of office* would be out of place in a complaint for trespass or for the recovery of personal property. The pretense for the unlawful act might be unknown, and it would be perhaps imprudent and a surrender of some right in such a pleading to assert or acknowledge the defendant's official character. It is for the fact that the officer so assumed to act, and not simply for or because of any judgment, that his surety is responsible. The law of 1813 (1 R. L. 219, sec. 5; 2 ib. 398) superadds to the necessary proof, in an action on the bond, that the wrongful act was done *colore officii;* that a judgment should be first recovered therefor against the officer, in order to give effect to the right to bring an action against the sureties. The fact that he so assumed to act, is one in such an action which may be established *de hors* that record. As the Court of Appeals say in *White* v. *Madison* (26 N. Y. 130): " It is always competent to show by parol' the grounds on which a verdict or judgment was rendered when the grounds become material and do not appear on the record."

A new trial should be ordered, with costs to plaintiff to abide the event.

CHARLES P. DALY, Ch. J., and LARREMORE, J., con
curred.

New trial ordered, with costs to plaintiff to abide the
event.