THE CITIZENS' NATIONAL BANK OF DAVENPORT, IOWA, APPELLANT, *v.* THE IMPORTERS AND TRADERS' NATIONAL BANK OF NEW YORK, RESPONDENT.

*Check — right of a depositor to sue a bank for refusing to pay his check when his account is good — evidence — admissions of parties — proof of the reason given for a refusal to comply with a demand does not prove that the reason is true — payment by a bank of an unindorsed check, payable to order, to a holder thereof — the burden of proving that the payee has parted with his title rests upon the bank.*

While a check, drawn by a depositor against a bank account, does not operate as an assignment of so much of the account, it authorizes the payee, or one to whom he has indorsed and delivered it, to make a demand, and the refusal of the bank to pay on presentation gives the drawer a right of action, in case he has funds in bank to meet the check and the refusal was without his authority. *Viets* v. *The Union National Bank of Troy* (101 N. Y., 563) followed.

On divers dates, between February 25th and May 10th, 1884, the plaintiff drew ten drafts, each dated on the day when drawn, whereby it directed the defendant to pay to the order of W. C. Wadsworth & Co. certain sums of money. W. C. Wadsworth & Co. indorsed the drafts to the order of George Wadsworth for collection, who, on November 6, 1884, presented the drafts, indorsed by him in blank, to the defendant and demanded payment thereof, which was refused, whereupon the said drafts were protested and notice thereof duly given. The defendant, while admitting that it had sufficient money of the plaintiff's to pay the drafts in full, refused to do so upon the ground that it had previously paid the drafts to the Fourth National Bank, and that it had returned the drafts to the plaintiff, as vouchers. At the time the drafts were presented they purported to be indorsed by the payee and other persons so as to make them payable to the Fourth National Bank or its order. Upon the cross-examination of the witness, who proved the presentation of the drafts to the bank, he testified in answer to questions as to the genuineness of the indorsements of " W. C. Wadsworth & Co.," whereby the said paper was made payable to the Fourth National Bank, that two of such indorsements were not genuine and that the others were.

*Held*, that the court erred in dismissing the complaint upon the ground that it appeared, as part of the plaintiffs' case, that when these drafts were presented by him the reason assigned for the refusal to pay was that the defendant had already paid these drafts, and that it was conceded that they were at that time indorsed as appeared on the drafts. (Brady, J., dissenting.)

That, although the defendant had a right to prove by the witness testifying to the demand and refusal the reason given for the refusal, there was no principle of law which justified the assumption, without evidence, that the reason given was true.

*Bennett & Hall* v. *Birch* (1 Den., 141) distinguished.

That, as two of the drafts had never been indorsed by the payee until they were indorsed to George Wadsworth for collection, he was clearly entitled to demand the amount due thereby from the bank, and its refusal to comply therewith could not be justified by showing a payment to any other person.

The defendant claimed that as the title to a check on a bank, payable to a payee therein named or order, may be transferred by mere delivery without the indorsement of the payee, the proof that the indorsements upon two or more of the drafts were not genuine did not affect its position because the Fourth National Bank, when it presented the drafts to the defendant for payment, was presumably the holder of the checks and entitled to their payment.

*Held*, that this position could not be maintained, as it assumed that the drafts, were in the possession of the Fourth National Bank, and that it presented them to the defendant for payment, and that the defendant had paid them, while no evidence of the existence of these facts was given.

If a bank pays a check drawn to order, without the indorsement of the payee, it is bound to prove that the payee has parted with his title before it can defend a refusal to pay upon a demand made by the payee having possession of the check.

There is no presumption that the holder of commercial paper, payable to order, unindorsed, has any title to the same, whatever the presumption may be when genuine indorsements are established.

APPEAL from a judgment dismissing the complaint, entered upon an order made upon the trial of the action at the circuit.

The appellant is a foreign corporation and the respondent is a domestic corporation.

On divers dates between the 25th of February and the 10th of May, 1884,. the plaintiff drew ten certain drafts or bills of exchange, each dated as of the day when drawn, whereby it directed the respondent to pay to the order of W. C. Wadsworth & Co., certain sums of money. W. C. Wadsworth & Co. indorsed said drafts to the order of George Wadsworth for collection, and on the 6th day of November, 1884, George Wadsworth having indorsed said drafts in blank, presented them to the respondents for payment, and demanded payment thereof, which was refused, and said drafts were protested for non-payment and notice thereof duly given. When the drafts were presented the appellants had sufficient money or funds on deposit with the respondents to the credit of the appellant and subject to its draft, wherewith to pay said drafts in full. At the time of the presentation of these drafts for payment and the declinature of the respondent to pay the same, it was claimed by the respondent that it had previously paid the paper to the Fourth National Bank, and that it had returned the drafts to the plaintiff as vouchers. At the time of the presentation of the drafts as aforesaid, said drafts bore the following indorsements which were upon the drafts at the time of the indorsements heretofore stated to have been made by W. C. Wadsworth & Co. and George Wadsworth; two of the drafts being indorsed as follows:

"Pay to the order of E. S. Bennett.

"W. C. WADSWORTH & Co.

"Pay to the order of John W. Rumsey & Co.

"E. S. BENNETT.
"JOHN W. RUMSEY & Co.

"Pay Fourth National Bank, or order, account Corn Exchange Bank, Chicago.

"ORSON SMITH, Cashier."

The remainder of said drafts bore the following indorsements:

" Pay to the order John W. Rumsey, & Co.

" W. C. WADSWORTH & Co.

" JOHN W. RUMSEY & Co.

" Pay Fourth National Bank, or order, account Corn Exchange Bank, Chicago.

" C. C. SWINBURN, Assistant Cashier,"

in some cases; in other cases:

" E. S. CARL, Cashier."

Upon cross-examination the witnesses who proved the presentation of the drafts to the bank, being asked as to the genuineness of the indorsement " W. C. Wadsworth & Co.," whereby said paper was indorsed to Bennett or Rumsey, testified that as to two of the drafts such indorsements were not genuine, and that as to the other indorsements they were genuine.

The plaintiff having closed its case upon the foregoing facts, a motion to dismiss the complaint was made upon the ground that it appears as part of the plaintiff's case that when these drafts were presented by him, the reason assigned for the refusal to pay was that the defendant had already paid these drafts, and that it is conceded that they were at that time indorsed, as appears on the drafts. And also because the complaint simply stated that the depositor drew his draft upon the depository, to the order of Wadsworth, that Wadsworth indorsed it, and Wadsworth, the payee, demanded payment from the defendant; that the defendant refused to pay it; that it was protested, notice given to the plaintiff, and thereupon the plaintiff was obliged to pay it; and now claims damages to the amount of the check.

This motion was granted, and from the judgment thereupon entered this appeal is taken.

*George Wadsworth*, for the appellant.

*Anthony R. Dyett*, for the respondent.

VAN BRUNT, P. J.:

The right of the plaintiff as drawer of the checks in question upon the refusal to pay, if such refusal was not justifiable, to bring an action against its depository for the amount of the check seems

to be supported by the case of *Viets* v. *The Union National Bank of Troy* (101 N. Y., 563) where it is held that while a check drawn by a depositor against a bank account does not operate as an assignment of so much of the account, it authorizes the payee or one to whom he has indorsed and delivered it to make a demand, and the refusal of the bank to pay on presentation, gives the drawer a right of action in case he has funds in bank to meet the check and the refusal was without his authority. It is admitted in the case at bar that at the time of the demand for the payment of these checks the defendant had sufficient funds of the plaintiff's to pay the same, and that the refusal to pay was not by the authority of the plaintiff. The ground upon which the defendant seeks to support the ruling of the learned court below in dismissing the complaint seems to be founded upon a misapprehension of the rules of law in reference to admissions.

The rule stated by the counsel is undoubtedly well settled by authority and has been frequently applied in reference to the construction of admissions not only in conversations but also in pleadings, and it is to the effect that where one party proves an admission of the other against him the latter has a right to insist that the whole of the conversation be taken together and he may prove all that was said at the time, as well what makes in his favor as what is against him, and that the whole admission is presumably true until some part of it is impeached by evidence. This rule is established by the case of *Rouse* v. *Whited* (25 N. Y., 170) and cases there cited ; but it has no application to the case at bar. The plaintiff attempted to prove no admission of the defendant. It proved an act, namely, the refusal to pay ; and, although under the authority of *Bennett & Hall* v. *Birch* (1 Denio, 141), the defendant had a right to prove by the evidence establishing the demand and refusal, the reasons given for the refusal ; there is no principle of law which justifies the assumption without evidence that the reason given is true. If such a rule were to prevail, it would be a dangerous act for a holder of commercial paper to present it for payment, because if in refusing such payment the reason assigned was that the paper had already been paid, the holder, although in possession of the paper, would be required to prove that such was not the fact, thus reversing the whole order of proof. If the

plaintiff had sought to prove a demand and refusal by a conversation with one of the officers of the bank, had after the refusal, in which such officer admitted that such demand had been made and such refusal had taken place, and in connection therewith had stated that they refused upon the ground that they had already paid the drafts, then the rule in respect to admissions would apply. But in the case at bar the act of refusal itself was proved, and by no assertion which the party upon whom the demand has been made may make, can he change the burden of proof as to payment.

It appears that as to two of the drafts, although bearing a number of indorsements, they were never indorsed by the payee until they were indorsed to George Wadsworth for collection, who presented the same for payment, the previous indorsements of W. C. Wadsworth & Co. being proved not to be genuine. It is clear, therefore that notwithstanding all the other indorsements upon the drafts the title was in George Wadsworth for the purpose of collection, and he had a right to demand the same of the bank, and that the payment to any of the other indorsees, even if proved, would be no defense to the action, because no title in the drafts existed in any of them, so far as appears by the evidence. As to the other drafts, which bore the genuine indorsement of W. C. Wadsworth & Co. to other persons, without some proof, the presumption would be that W. C. Wadsworth & Co. had parted with their title to those drafts prior to the time of affixing the subsequent indorsement to George Wadsworth for collection, and no recovery could be had without some explanation in respect to the other indorsements.

It is claimed, however, that as the title to a check on a bank, payable to a payee named or order, may be transferred by mere delivery, without the indorsement of the payee, the proof that the indorsements upon two of the checks of W. C. Wadsworth & Co., the payee, were not genuine does not affect the position of the defendant, because the Fourth National Bank, when it presented the checks to the defendant for payment, was presumably the holder of the checks, and entitled to their payment. This proposition assumes that there is proof that these checks were in possession of the Fourth National Bank, and that it presented the checks to the defendant for payment and that the defendant paid the same. But, as has been seen, no such evidence exists in the case, it not

having been proved, and the statement accompanying the refusal to pay the checks not being evidence of the truth of the facts stated in the refusal. If a bank pays a check drawn to order without the indorsement of the payee, it is bound to prove that the payee has parted with title before it can defend a refusal to pay upon demand by the payee having possession of the paper. There is no presumption that the holder of commercial paper payable to order, unindorsed, has any title to the same, whatever the presumption may be, where genuine indorsements are established.

It is claimed upon the part of the respondent that the plaintiff before it could recover of the defendant was clearly bound to tender back to the defendant the checks with their indorsements. It is sufficient to say, in answer to this proposition, that the checks were tendered at the time of the demand and refusal, and that no such point was made upon the trial or upon the pleadings, and if any motion had been based upon those grounds the plaintiffs had the checks in court and would undoubtedly have offered to surrender them to the defendants.

It would appear, therefore, that certainty as to two of the checks in question it was error to dismiss the complaint, and for such error the judgment must be reversed and a new trial ordered, with costs to appellant, to abide event.

DANIELS, J., concurred.

BRADY, J. (dissenting :

The plaintiff is a foreign corporation, as appears from its title, and the defendant was its correspondent and depository here. Several drafts or checks drawn in favor of Wm. C. Wadsworth & Co. were not paid, it was alleged, and which having reached the plaintiff, this action was commenced to enforce their payment. The defense interposed was payment, and upon this issue the trial proceeded. The drafts and their indorsement by the payees were put in evidence and proved, except three or four of the latter, which were said not to have been made by any one of the payees firm, but by whom the witness knew not. The same person was called to show presentment and demand of the drafts after they had been returned to the plaintiff, and that payment was refused because it was claimed to have been made, and it sufficiently

appeared that they had been returned to the plaintiffs by the defendant as vouchers relating to the fund on deposit. The complaint, on these facts, was dismissed.

It does not seem to be questioned that the whole conversation which took place at the time of presentation was properly received in evidence, and it could not well be. The rule is established by a series of cases (*Bearss* v. *Copley*, 10 N. Y., 93 ; *Perego* v. *Purdy*, 1 Hilt., 269 ; *Rouse* v. *Whited*, 25 N. Y., 170, and cases cited), and payment having thus been asserted, it was deemed, therefore, to have been proved *prima facie*. The appellant is understood to contend, however, that the defendant being a depository, and having confessedly money enough to pay the drafts, the right of action existed and the burden of proof of payment therefore rested upon the defendant. This would convert the action into one for money had and received, and not for the non-payment of drafts duly issued and presented. This is regarded as an erroneous proposition. If the action had been as suggested, the proof would have been different and undoubtedly forced the defendant to show why the claim urged was not satisfied. The plaintiff would establish a demand by showing the deposit and resting, and the evidence of what took place at the presentation of the drafts would not have appeared on the plaintiff's case. The defendant would then have been called upon to establish the proper appropriation of the fund in its possession, which had belonged to the plaintiff, and would not have been relieved by the statement mentioned. The plaintiff, by adopting a different course, exposed its rights to such defeat as the statement would accomplish, and assumed the duty of showing it to be untrue. This obligation was not discharged, and the result was prejudicial. The evidence amounted to the plea of confession and avoidance. It is said, however, that the drafts which were shown not to have been indorsed by the payees were not valid vouchers, or properly paid, and as to these the right to recover was clear; but this does not seem to be a good legal proposition. It has been declared that a check or draft on a bank payable to a person named, or order, may be transferred by parol, with manual delivery and without indorsement (*Freund et al.* v. *Imp. and Trad. Nat. Bank*, 76 N. Y., 352), although the transferee acquires only the rights he would have had, had the check been non-

negotiable; that is, the right which the payee had in it at the time of the transfer. The payees on these drafts had an undisputed right to the sums named on them, for they are alleged in the complaint to have been drawn for value received. There is no evidence, except such as might be inferred from the manner of the indorsement, that they were improperly transferred, no testimony showing that they were not, in fact, transferred by parol and manual delivery. The presumption is that they were. The witness mentioned did not regard the indorsements as made by either of the persons constituting the firm of the payees; he did not know in whose handwriting the indorsements were made. This is the extent of the evidence of the subject, and it does not touch the integrity of a parol transfer with manual delivery. They may have been indorsed by the rightful owner on authority given for that purpose, or by some authorized person, in order to give them surer currency. There was no right of action based upon the improper indorsement asserted in the complaint or developed by the evidence of the payees, that wrong had been done them; assuming the indorsement not to have been made, the fact is immaterial. In addition to this, it may be said that the plaintiff substantially asserted the validity of the transfers made by asking for the payment of the drafts and predicating its action upon their soundness as choses in action.

For these reasons, it becomes our duty to affirm the judgment.

Judgment reversed, new trial ordered, costs to appellant, to abide event.