## GAREY vs. NICHOLSON.

Where a party on the trial of a cause avails himself of an *admission* of his adversary to sustain his action or defence, the opposite party is entitled to prove such *other parts of the conversation had on his part* as tend to *explain, 'modify* or even *destroy* the admission made by him ; but is not at liberty to call for such parts of the conversation had by him, as relate to assertions made *operating in his favor* upon the general merits of the case, but having no connection with the *admission* made.

[ *351. ]          *ERROR from the Tompkins C. P.   Nicholson sued Garey in an action of *trespass* for taking a mare.   The mare was taken by the direction of the defendant, a constable, from the stable of the plaintiff, by a son of the plaintiff, and receipted by a third person, the defendant claiming that he took the mare by virtue of an attachment in favor of one *Pine.* The defendant's counsel *asked for all the conversation between the defendant and the witness at the time.*   This was objected to by the plaintiff's counsel, and the objection sustained by the court.   To which decision the defendant's counsel excepted.   An exception was also taken by the defendant's counsel to the *charge* of the court.   The plaintiff obtained a verdict, upon which judgment was entered, and the defendant sued out a writ of error. This court *reversed* the judgment and awarded a *venire de novo* on the ground of the *misdirection of the jury* in the charge of the court.   In reference, however, to the *first exception*, this court sustained the decision of the C. P. and in reference to that exception, the following opinion was delivered.

*C. Humphrey*, for the plaintiff in error.

*Ben Johnson*, for the defendant in error.

*By the Court*, COWEN, J.   The plaintiff, in order to fasten the trespass

on the defendant, proved by his son that the defendant had attached the mare, declaring at whose suit ; and that after this, by the defendant's direction, the witness had taken the mare from the plaintiff's stable and delivered her to the defendant.   Then, under the rule that, where the defendant's admission is resorted to as evidence against him, he is entitled to have the whole conversation of which the admission made a part disclosed, his counsel called for it in the general words of the rule.   That, however, must obviously mean that the additional conversation called for should be relevant to the matter in issue.   All evidence is received under that qualification ; and if not so restrained, might operate as a waste of time.   Other subjects might be introduced having no connection with the subject matter of the suit.

*But we apprehend the rule must be still farther restrained ;   [ 352 ] and that even though the additional matter called for may respect the subject matter of the suit, and make in favor of the party whose declaration is in question, it is not, therefore always to be received.   The object of the rule is to prevent his being misunderstood in the particular matter to which he spoke ; and hence it is well settled that, to warrant that part of the conversation which makes for him, it must relate to what his antagonist has called for by questions on his side ; or by his course of examination. *Winchell* v. *Latham*, 6 *Cowen*, 682.   *Ex'rs of M'Kane* v. *Bonner*, 1 *Bailey*, 113.   He must be fairly made a party to the admission of his own act ; and so far the additional conversation may be introduced to explain or qualify the admission he called out.   Thus, should he examine as to the admission of a debt being due, no doubt a declaration in the same conversation that it had been paid, released or otherwise discharged should be received. But suppose you were to inquire whether the defendant sought to be charged as an endorser had admitted that he had received due notice of dishonor, would it follow that he could show as a part of the same conversation, an assertion that the endorsement was a forgery ?   A witness was adduced to show a demand and a refusal in trover ; and the court would not allow the conversation to be carried out by proving what the defendant said as to the ground of his defence.   *Green's Ex'r* v. *Anderson*, 1 *Bailey*, 358.   A late case in the king's bench held the same doctrine.   The case was for a malicious arrest for £60 : when, as the plaintiff insisted, that sum was *given* to him by the defendant ; and the action of the latter was defeated on the trial by proof of that fact.   The now plaintiff had indicted one of the defendant's witnesses, who swore on the trial of the defendant's action, for perjury.   On trying the indictment, the now plaintiff was a witness ; and while on the stand he made an admission that he had been remanded by the court for the relief of insolvent debtors.   This fact was deemed material for the

defence on the trial of the final action for the malicious arrest; and the defendant's counsel accordingly *drew it out on cross-examining one of the plaintiff's witnesses. The plaintiff then offered to show that, on the same occasion, he stated the £60 to have been a gift. That was held inadmissible, though admitted to be a part of the same conversation. Lord Denman, Ch. J. who delivered the opinion of the court, after advisement, recited and commented on the broad language of the rule as laid down in the books of evidence, and especially as cited in 1 *Starkie's Ev.* 180, 2d ed. from the language of Lord Tenterden in the *Queen's case,* 2 *Brod. & Bing.* 297, 298. His language is, that every part of the conversation respecting the subject matter of the suit may be called for, though disconnected with the part first inquired for, and in no wise tending to explain or qualify it. To this language, in its full extent, Lord Denman said the court could not assent. Even where the testimony is intended to carry out the whole of the contradictory statement of a witness, the court thought the added conversation must be in some way connected with the statement alleged to be contradictory. They denied that any rule letting in the entire declaration of the party merely because it related to the subject matter of the suit, had the countenance of authority. The rule laid down on the trial of the action for the malicious arrest was that the entire conversation might be called out in reply, so far as it could in any way qualify or explain the statement first inquired for, but no farther, though it related to the subject matter of the suit for the arrest. And this restriction was sustained by the bench. The chief justice said nothing would be more easy than to find examples of the extreme injustice that might result from the larger inquiry which was insisted on. In the particular case, because the plaintiff was shown to have said he was insolvent, he would have been allowed without any reference to his insolvency to furnish evidence in support of material averments in his case. *Prince* v. *Samo,* 7 *Adolph. & Ellis,* 627.

In the case at bar, had the proposition made in the court below been acceded to, in its general language, the defendant below might have enquired of his own declarations going to make out a case of fraud ; though they were called *for merely to connect him with the witness in taking away the mare, and indeed other matters entirely irrelevant to the issue. The first would have been contrary to the cases in the supreme court of South Carolina and the king's bench, both of which we think impose a reasonable restriction. But even if these cases were questionable, surely the rule never intended, to let in a distinct subject : such as the moral character of the parties or their standing in the neighborhood. The broad terms of the proposition would have gone to that extent.