[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 172 
The only important question presented by this appeal is: Had the defendants a right to prove on the cross-examination that when Oliver Whited told the sheriff and both defendants told Seaman that the property levied on was the plaintiff's, they at the same time and as part of the same conversation said that the debt (the execution debt) was the plaintiff's debt or belonged to him to pay? It appears that the County Court reversed the judgment of the justice solely on the ground that the defendants had a right to prove such further statements, and that the Supreme Court reversed the judgment of the County Court and affirmed that of the justice solely on the ground that they had not a right to prove such further statements.
It is plain that there must be some limitation of the right of the party whose statement or admission, forming a part of a conversation, has been given in evidence against him to prove further or other statements or declarations made by him at the same time or as part of the same conversation, otherwise the court and the jury might be compelled to listen to a long story about matters not at all connected with any matter or thing in controversy between the parties. No one will say *Page 173 
that a party whose statement has been given in evidence against him by his opponent, has a right to prove all that he said at the same time or in the same conversation, solely because such further or other statements were made at the same time or in the same conversation.
The question then is: What is the rule of the limitation of this right? In The Queen's Case (2 Brod. Bing. 297, 298), ABBOTT, Ch. J., in delivering the opinion of the court on certain questions proposed by the Lords to the judges, said: "The conversations of a party to the suit are, in themselves, evidence against him in the suit, and if a counsel chooses to ask a witness as to anything which may have been said by an adverse party, the counsel for that party has a right to lay before the court the whole which was said by his client in the same conversation, and not only so much as may explain or qualify the matter introduced by the previous examination, but even matter not properly connected with the part introduced upon the previous examination, provided only that it relate to the subject-matterof the suit, because it would not be just to take part of a conversation as evidence against a party without giving to the party at the same time the benefit of the entire residue of what he said on this occasion."
The rule, as thus stated, was certainly very broad. The only limitation upon the right of the party to give the whole conversation, in evidence by the rule, as thus stated, would seem to be, that the other or further part or parts of the conversation offered in evidence, to be admissible, must relate to the subject matter of the action. By the rule, as thus stated, if the defendant, is sued as the maker of two several promissory notes, to one of which his defence is that he never made it, and to the other that he had paid it, and the plaintiff proves on the trial, that at a certain time, the defendant said or admitted that the note which he had denied making was his note, or that he had made and delivered it, the defendant has a right to prove, that at the same time, or as part of the same conversation, he also said that he had paid the other note. So, also, by the rule as thus stated, if the plaintiff has but one *Page 174 
cause of action, and cannot recover without establishing affirmatively two distinct issuable facts, if for the purpose of establishing one of them he gives evidence of a statement or admission of the defendant relative to it, the defendant has a right to give evidence of what he said at the same time or in the same conversation, relative to the other. As for instance, take the case put by Judge COWEN in Garey v. Nicholson (24 Wend., 351): The defendant is sued as indorser — he denies that he indorsed the note; and he also denies that he received due notice of its dishonor. The plaintiff proves his admission that he received due notice of dishonor: by the rule as stated by ABBOTT, Ch. J., in 2 Brod. and Bing., the defendant has a right to show, that when he made the admission, he also said that the indorsement was a forgery.
The rule, as stated by ABBOTT, Ch. J., was adopted by Mr. Starkie and laid down in his work on Evidence. (1 Stark. Ev., 180, 2d ed.) I think Mr. Greenleaf intended to lay down substantially the same rule. (1 Greenl. Ev., §§ 201, 218. In § 218. The Queen's Case [2 Brod. Bing.], is cited.)
In Prince v. Samo (7 Adol. Ellis, 627), Lord DENMAN, Ch. J., who delivered the opinion of the court, referred to the broad language of the rule, as laid down in Starkie's Evidence, on the authority of ABBOTT, Ch. J., in The Queen's Case, and denied that he had the countenance of authority for the extent to which it went. He denied that any rule letting in the whole conversation of a party merely because it relates to the subject-matter of the action had the countenance of authority. He stated the rule to be, that where part of a conversation had been given in evidence, any other or further part of the conversation might be given in evidence in reply, which would in any wayexplain or qualify the part first given in evidence.
In the 10th English edition of Phillips' Evidence, after a review of the authorities, and a particular reference to the decision in Prince v. Samo, the rule is laid down as follows:
"Where a statement, forming part of a conversation, is given in evidence, whatever was said by the same person in *Page 175 
the same conversation, that would in any way qualify or explain that statement, is also admissible, but detached and independent statements, in no way connected with the statement given in evidence, are not admissible, and there is no difference in this respect between statements made in conversation by a party to the suit and those made by a third party." (1 Phil. Ev., 4th Am. ed., from 10th Eng. ed., 416.)
This is substantially the rule stated in Prince v. Samo. This rule, so far as it applies to the conversation or statements of a party to the suit, was approved by the Supreme Court of this State in Garey v. Nicholson (24 Wend., 350), Justice COWEN delivering the opinion. That case called for no expression of opinion as to that part of the rule applying to the conversation or statements of a third party. In Forrest v. Forrest (6 Duer, 102), the rule, as stated in Prince v. Samo, and approved in Garey v. Nicholson, was somewhat criticised, and held not to apply to documentary evidence. The rule was also approved in Dorlon v. Douglass (6 Barb., 451), although there may be some doubt whether it was properly applied in this case. The rule was also recognized in Sturge v. Buchanan (10 Adol. Ellis, 598).
All the cases in this State which I have looked at, where it has been held, that the whole admission or statement of the party must be taken together, are within the rule, as stated inPrince v. Samo. (Carver v. Tracy, 3 John, 427; Wailing
v. Toll, 9 id., 141; Credit v. Brown, 10 id., 365; Smith
v. Jones, 15 id., 229; Mumford v. Whitney, 15 Wend., 380;Kelsey v. Bush, 2 Hill, 440; Vibbard v. Staats,
3 id., 144). These cases merely decide, that when the plaintiff avails himself of a statement or admission of the defendant to charge him, the defendant may avail himself of any other statement made by him at the same time, tending to destroy or modify the use which the plaintiff might otherwise make of the admission or statement first called out by him. And certainly, to destroy or modify the effect or the use which can be made of an admission or statement, is to qualify it. *Page 176 
In Forrest v. Forrest (6 Duer, 126, 127), the Superior Court say: "The cases in this State falling under our observation, and involving the question whether, when part of one party's conversation has been proved by the other, the former may have the whole of it proved, are cases in which the additional conversation either justified the act, or showed payment, or a release of the demand, or a counterclaim growing out of the original transaction forming the subject of the action, which the parts of the conversation first proved tended to establish."
Assuming this to be so, the additional conversation was admissible by the rule stated in Prince v. Samo. But the Superior Court add: "It is difficult to perceive why proof by a party's admission that he had bought specific property, may be met by proof that he stated at the same time that he paid for it, and yet, that where a plaintiff, claiming to have two distinct demands against a defendant, proves a declaration of the defendant admitting one of them, the defendant may not be allowed to prove that he, in the same conversation, and in the same breath, said he had paid the other."
Now I cannot perceive the least reason why the defendant in the case put should be allowed to prove that he had paid the other note. The action is against the defendant, as the maker of two notes; to the one the defence is, that it is a forgery, and to the other, payment. Can any reason be given why, if the plaintiff proves that the defendant said he signed the note he alleges to have been forged, the defendant should be permitted to prove that he said, at the same time, that the other note was paid? I do not see why he would not have as much right to prove that he said that a note not included in the action was paid. The plaintiff has a right to avail himself of the admission of the defendant, that he signed the one note; why should he not be permitted to do so, without giving the defendant a right to prove his volunteer statement as to the other note? The statement that the other note was paid has no connection with and in no way tends to explain the other statement, or to qualify the use or effect of it against him in the action. So, also, where there is but one cause of *Page 177 
action, but the plaintiff has to prove affirmatively two distinct issuable facts, as in action against an indorser — the indorsement and due notice of dishonor. If the plaintiff avails himself of the defendant's admission to prove due notice of dishonor, why should the defendant be permitted to show that he, at the same time, said he never indorsed the note? The admission as to the notice does not tend to prove the indorsement. All statements made in a conversation, in relation to the same subject or matter, are to be supposed to have been intended to explain or qualify each other, and therefore the plainest principles of equity require, that if one of the statements is to be used against the party, all the other statements tending to explain it or to qualify this use, should be shown and considered in connection with it.
The rule is stated in Prince v. Samo, with reference to the use which the party calling out an admission or statement of his adversary can make of it in the action, and irrespective of the number of causes of action, or of issues, if there is but one cause of action.
I think the rule stated in Prince v. Samo, at least so far as it applies to the conversation of a party to the suit, is the reasonable and correct rule, and is the rule which has generally been recognized in this State.
The question then in this case, is, whether the justice, under the rule as limited in Prince v. Samo, should have permitted the defendants to show, that when the defendant Oliver Whited told the Sheriff, and both the defendants told Seaman, that the property levied on was the plaintiff's, they, at the same time, made the further statement, that the debt was the plaintiff's, or was his debt to pay? Most clearly he should. The plaintiff relied on the statements of the defendants proved by him, to show that the property levied on, was his property, and thus to show, that his property to the amount of $27, had gone to pay the defendant's debt. If the property was his, but it had been levied on and sold to pay his own debt, there was an end of his case. The statements, then, of the defendants, that the debt was the plaintiff's, or belonged to him to *Page 178 
pay, if proved, would have completely destroyed the force and effect, and intended use of the admissions or statements first given in evidence by the plaintiff, and ought to have prevented a recovery. It is difficult to suppose a case more clearly within the limitation of the rule as laid down in Prince v. Samo. Certainly one statement which completely destroys the force and effect and intended use of another statement, qualifies the latter statement.
Although the plaintiff was the indorser and the defendants the makers of the note on which the judgment was obtained, it may very well have been, that the note was made for the accommodation of the plaintiff, and that the debt was his debt to pay. If this was the fact, the defendants had a right to show it. (Barry v.Ransom, 2 Kern., 446; Griffiths v. Reed, 21 Wend., 502.)
The other questions in the case were, I think, rightly decided by the Supreme Court.
The judgment of the Supreme Court should be reversed, and that of the County Court affirmed, with costs.
DAVIES, WRIGHT, GOULD, ALLEN and SMITH, Js., concurring,
Ordered accordingly.