ROSWELL A. PARMENTER, RESPONDENT, v. THE BOSTON, HOOSAC TUNNEL AND WESTERN RAILWAY COMPANY, APPELLANT.

JOHN TATRO, RESPONDENT, v. THE SAME, APPELLANT.

*Evidence — a party reading part of the evidence given on a former trial cannot be compelled to read the whole of it.*

This action was brought to recover damages for the destruction of a building belonging to the plaintiff, which was alleged to have been set on fire by sparks escaping from the smoke-stack of one of defendant's locomotives. Upon the trial, under a stipulation that " either party might read from the testimony taken on the former trial, subject to all objections," the defendant's counsel read a portion of the testimony given by a witness upon the former trial, which tended to show that the smoke-stack was in good condition after the fire. The counsel proposed to omit the following question: " Didn't you after that change it, and if so, what did you do it for, if it was in good order," stating that he had objected to the question upon the former trial and wished now to object to it.

*Held*, that the court erred in compelling the defendant's counsel to read the question and answer as a part of his testimony.

A party reading part of a statement or correspondence cannot be compelled by his adversary to read it all. The opposite party may, if he desires so to do, himself read so much of the remainder as tends to qualify or explain what his adversary has read.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*Esek Cowen*, for the appellant.

*R. A. Parmenter* for the respondents.

LANDON, J. :

The plaintiff's buildings were destroyed by fire caused by sparks thrown from defendant's locomotive. The defendant sought to establish that the smoke-stack of the locomotive was of proper construction and in good order. Upon the trial under a stipulation that " either party might read from the testimony taken on the former trial, subject to all objections," defendant's counsel was

reading from the testimony of a witness. The testimony was to the effect that the smoke-stack had been examined by the witness after the fire and was in good order. Defendants' counsel, as the case recites, proposed to omit reading the following question: "Didn't you after that change it, and if so, what did you do it for if it was in good order?". Defendants' counsel stated that the question was objected to on the former trial, and that he wished to object to it here, that he thought it improper and did not wish to put it in as his own testimony. The plaintiff's counsel objected to the omission and the court said, "I think it is not quite right to read here and there; I think you should read it; you may have an exception." The defendants' counsel then read the question and answer. The answer was to the effect that he had altered it so as to get out more steam.

We think this was error. It was the privilege of the counsel to read from the testimony such parts as he thought would help his case. If he omitted anything which the opposite party desired to have read, the stipulation allowed him to read that himself. And, without reference to the stipulation, the rule is, that where one party reads a part of a statement or writing, the opposite party may read so much of the remainder as tends to qualify or explain what has been received. (*Rouse* v. *Whited*, 25 N. Y., 170; *Grattan* v. *Metropolitan Life Ins. Co.*, 92 id., 284.) A party reading part of a statement or correspondence cannot be compelled by his adversary to read it all. The other party can read it himself if he wants it, and if it is material and competent within the rule above stated. (*Stone* v. *Sanborn*, 104 Mass., 319; *Barrymore* v. *Taylor*, 1 Esp., 326; *De Medina* v. *Owen*, 3 C. & K., 72.) The rule protects both parties and allows the main statement and all its qualifications to be received in evidence. But to compel the defendant in this case to read the whole testimony, was to compel him to read that part which he did not think admissible within the rule first stated, and to which he had objected upon the former trial, and wished to object to now if it should be offered. It is quite possible that the plaintiff would not have taken the risk of reading it under objection and exception, and possibly the defendants' objection would have been sustained. The answer to the question was important, and its effect is suggested by the question, why alter the smoke-stack if in

good order? Because it was altered the jury may have found that it was in bad order.

For this error the judgment must be reversed, and a new trial ordered, costs to abide the event.

As the case of Tatro was tried at the same time and upon the same evidence and rulings, the same disposition must be made of it.

LEARNED, P. J., concurred; BOCKES, J., not acting.

Judgments and orders reversed, new trial granted, costs to abide event.