FLORA E. GRAVES, Respondent, *v.* FREDERICK L. SANT-
WAY, Appellant.

*N. Y. Supreme Court, Fourth Department, General Term, July 20, 1889.*

1. *Appeal. Nonsuit.*—In considering on appeal the question of law pre-
sented by an exception to the denial of a motion for a nonsuit, the
plaintiff is entitled to have the evidence construed in a manner
most favorable to his position. The question cannot be taken
from the jury, nor their conclusion set aside, unless the facts are
free from every reasonable doubt.

See Note at the end of this case.

2. *Evidence. Explanation.*—A witness may be allowed, on redirect ex-
amination, to explain a remark made by one of the parties in a
conversation with him which was properly drawn out in the wit-
ness' cross-examination, by giving the whole of the conversation,
in order to prevent or rebut any adverse or damaging inferences.

3. *Same. Expert witness.*—It is the province of the trial judge to de-
termine whether a witness is qualified to speak as an expert.

4. *Same. Rebuttal.*—In an action for malpractice brought against a
surgeon, where several witnesses have been called by him in
defense, to vindicate the operation, and he himself, as a witness,
has minutely stated the condition in which he found the parts be-
fore and during his operation, it is proper to permit the plaintiff
to introduce, in rebuttal, expert testimony to show that the oper-
ation was unnecessary.

Appeal from a judgment entered on a verdict.

Action against a physician for malpractice. The defend-
ant, when plaintiff rested, moved for a nonsuit on the ground
that plaintiff had failed to prove a cause of action. The
motion was denied and the defendant took the following
exceptions.

"*First.* To that branch of the charge submitting to and
instructing the jury to find whether defendant used, dili-
gence and reasonable knowledge and care to ascertain if it
was a proper operation under the circumstances of the case.

"*Second.* To that branch of the charge submitting

whether defendant used reasonable care to learn what the physical condition of the plaintiff was, and whether the operation performed was a proper operation under the circumstances of the case.

" *Third.* To that branch submitting whether or not the operation was negligently performed.

" *Fourth.* To that branch submitting whether or not the defendant used reasonable care, and properly instructed plaintiff as to her conduct, and as to what she should do in case of an emergency, and whether it was negligence in defendant if he gave her no instructions whatever in relation to her future conduct.

" *Fifth.* To that branch submitting whether defendant was negligent in making the diagnosis of the case, or in performing the operation, or in failing to give proper instructions to plaintiff for future guidance ; and defendant excepts to the instruction to the jury that if defendant was found negligent in any one of these respects, and if the other conditions in the charge were found against defendant, then defendant was liable."

The complaint alleged that the defendant is a physician and surgeon, and that he " did forcibly, unskillfully, and negligently operate upon plaintiff by unskillfully and negligently inserting instruments into the womb and neck of her womb, or uterus, and parts adjoining thereto, and so forcibly, unskillfully, and negligently performed said operation as to cause plaintiff great pain and suffering, and great loss of blood, and physical weakness." The complaint also alleges "that she did not require an operation, as advised by the defendant as aforesaid, or any operation whatever, and that any operation by defendant in that behalf was improper and unprofessional." It also alleges that prior to the operation plaintiff was in good health, and free from pain, and that immediately after the operation, " and on account thereof, plaintiff became weak and emaciated, and unable to do any manual labor, and ever since

said operation has been confined to her bed, on account of said operation, the greater portion of the time ; that, by reason of said operation as aforesaid, plaintiff has suffered great bodily pain almost constantly since the defendant performed the said operation as aforesaid, and is now unable to attend to the usual household duties, or to do any labor requiring physical strength or exertion."

*W. F. Ford* and *D. Bearup*, for appellant.

*Charles M. Thompson* and *Watson M. Rogers*, for respondent.

HARDIN, P. J.—*First.* When the plaintiff rested, the defendant moved for a nonsuit " on the ground that plaintiff has failed to prove a cause of action." The motion was denied, and the defendant excepted. In considering the question of law presented by the exception, the plaintiff is entitled to have the evidence construed in a manner most favorable to her position. " All that the evidence in any way tends to prove must be deemed as fully proved ; every fact which the testimony and reasonable inferences from it conduce to establish must be assumed to be established. The question could not be taken from the jury, nor their conclusion set aside, unless the facts were free from every reasonable doubt." Harris *v.* Perry, 89 N. Y. 311, opinion of DANFORTH, J., and cases there cited.

The evidence disclosed that the defendant was a physician and surgeon, and had treated the plaintiff for various ills prior to the 22d of July, 1887, and on that day she visited his office, some four miles and a half from her home, and, relying upon his assurance, declarations, and advice, submitted to a surgical operation at the hands of the defendant upon the mouth and neck of the womb, for the purpose of removing sterility. Her testimony is to the effect that the defendant said the operation was a necessary and proper one to attain the object in view ; that she was

assured that the operation would be painless, and would not subject her to sickness or inconvenience, whereas, in truth it was exceedingly painful, and was followed by extensive hemorrhages, and that her health was impaired thereby; that she suffered greatly from the loss of strength and health, and was incapable of attending to her household affairs, and that for a long time she continued in pain and sleeplessness, and that the operation brought on leucorrhœa. Evidence was given in behalf of the plaintiff tending to establish that the operation was not necessary to effect the purpose; that it was done negligently and improperly as to time and place; and that she did not receive the necessary and suitable advice and treatment after the operation. Upon the evidence in the case when the trial judge was called upon to decide the motion for a nonsuit, questions of fact were presented which it was the province of the jury to pass upon. "The law implies a promise on the part of the surgeon that he has ordinary skill, and that he will execute the business intrusted to him with ordinary care and skill. If he fails in this duty he is guilty of default in his undertaking, and cannot collect the pay for his services, but is liable in damages to the persons who employed him." Bellinger *v.* Craigue, 31 Barb. 534.

In Carpenter *v.* Blake (10 Hun, 358) the rule of law is stated as follows: "One who offers himself for employment in a professional capacity undertakes (1) that he possesses that reasonable degree of learning and skill which is ordinarily regarded by the community, and by those conversant with the employment, as necessary to qualify him to engage in such business; (2) that he will use reasonable and ordinary care and diligence in the exercise of his skill and the application of his knowledge, to accomplish the purpose for which he is employed; (3) that he will use his best judgment in the exertion of his skill and the application of his diligence."

This case was affirmed in 75 N. Y. 12, and it was there

held : " It is not necessary, in order to sustain an action for malpractice against a surgeon, that there should be proof of gross culpability on his part.  Having engaged in the performance of services requiring skill and care, he is liable for a want of the requisite skill, or for an omission to exercise proper care."

We think the trial court properly denied the motion for a nonsuit as the case then stood.

*Second.*  Plaintiff called Cheesman as a witness to describe the condition of the plaintiff as he observed it in and about her house after the operation.  In the course of his cross examination he was asked in respect to a conversation held by the plaintiff with her mother, in regard to the defendant.  In the re-direct examination, by way of cross-examination, the plaintiff was allowed to ask the witness to explain what the remark was, and the witness said that he heard the plaintiff say in that conversation which was alluded to in the cross-examination, viz. : " Look out for that fellow in there, or he will be butchering her next." Apparently this answer was taken by way of cross-examination or explanation by the witness on the subject which he had been required to refer to in the cross-examination had by the defendant.  The general rule as to the extent to which cross-examination may go is largely in the discretion of the court.

In Blumenthal *v.* Bloomingdale (100 N. Y. 561), it appears the witness had been allowed to explain and give the whole of a conversation which had been properly drawn out in his cross examination, and it was said, viz. : " Plaintiff might prove the whole to prevent or rebut any adverse or damaging inferences."

*Third.*  Miss Dell Dresser, a young lady twenty-four years old, who was a student in the office of the defendant at the time of the operation, and who was called in by him to witness it, and to assist to some extent while the operation was taking place, described, at the instance of the defend-

ant, the circumstances and facts attending the operation, and she was asked: " What do you say as to the propriety or impropriety of performing this operation in this case of sterility ?" To this question the plaintiff objected as incompetent, and also that the witness is not competent to express an opinion. The objection was sustained and the defendant excepted, and the witness then added: " I have read the books upon the subject of sterility, and the various remedies for it." She was then asked the following question: " What do you say from your reading and from observation of this operation and the other operations that you have seen, as to whether or not it was properly and carefully performed ?" This was objected to by the plaintiff as incompetent; also, the witness is not competent to express an opinion. The objections were "sustained to the question in that form," and the defendant took an exception. It may be observed that the witness had been allowed carefully to describe all that she saw, or all that occurred in her presence, and whatever she heard of the conversations between the patient and the physician. The question last quoted was compound in its nature, and sought to have the witness compare the operation in question with " the other operations " that she had witnessed, and to determine therefrom " whether or not it was properly and carefully performed."

We think the remark of the trial judge was correct, when he said : " Objection sustained to the question in that form." In respect to both of the questions which we have seen were propounded to the witness Dresser, the trial judge was called upon to determine whether she was qualified to speak as an expert, and we are of the opinion that his conclusion was not erroneous. Hurd *v.* Cook, 75 N. Y. 454; Clark *v.* Bruce, 12 Hun, 271; Same *v.* Same, id. 274 ; Whart. & S. Med. Jur., § 275.

*Fourth.*—After the defendant's evidence was in, the plaintiff recalled Dr. Van Dyn, and propounded to him the

following question : " If, in the case supposed yesterday, the cervix was sufficiently large to receive this dilator without pressure exceeding an ounce, then what do you say as to the sufficiency of the cervix to perform all the purposes of nature ? " This question was objected to by defendant " as re-opening." Thereupon the court remarked : " I don't remember that they went over that. I think it is competent, and not re-opening." Thereupon the defendant took an exception and the witness answered, viz : " I should think that the mouth was open." " I should think that it would be sufficiently open, so far as the size is concerned, for the processes of nature, if it would allow that in that way." While the defendant had the case, he called several physicians to vindicate the operation performed by him, and he had, as a witness, minutely stated the condition in which he found the parts before operating and during his operation. To meet this evidence it was proper that the plaintiff should be allowed to take the opinion asked for in the question asked of Dr. Van Dyn, and the trial judge committed no error in allowing the question to be answered.

*Fifth.*—We have carefully read the charge of the trial judge, and we find the same is in accordance with the rules of law stated in the case to which we have already referred, and we think the defendant's five exceptions to the charge are unavailing. The questions of fact involved in the case were carefully, cautiously and elaborately submitted to the jury. We have looked at the other rulings to which our attention has been called by the learned counsel for the appellant, although no exceptions were taken, and we are of the opinion that no error was committed against the defendant in making the rulings during the progress of the trial. We have carefully considered the evidence on either side of the case, and while we are of the opinion that there is great strength in the testimony of the witnesses produced in behalf of the defendant, and while we might hesitate in decid-

Admissibility and Effect of the Whole of a Statement in Evidence.

ing the main questions adverse to the defendant were they before us in the first instance, we are, however, of the opinion that, considering the conflict in the testimony found when reading that given in behalf of the plaintiff in connection with that offered in behalf of the defendant, and bearing in mind that under our system of jurisprudence controverted questions of fact are to be submitted to a jury, and their verdict accepted unless it is against the clear weight of the evidence, we are of the opinion that it is our duty, in obedience to the general rule applicable to verdicts, to sustain the one taken in this action.

Judgment and order affirmed, with costs.

All concur.

NOTE ON THE ADMISSIBILITY AND EFFECT OF THE WHOLE OF A STATEMENT IN EVIDENCE.

The rules of evidence permit a party, a part of whose admission or statement has been given in evidence on the examination of the adverse party, to introduce in evidence, if he desires, the remainder of such admission or statement, in order to explain, qualify or destroy the effect of the portion already admitted. It must, however, pertain to the same point and be relevant and material to the issues. The effect of such testimony after its admission, is, under the rules of law, a question for the jury.

*Whole of the conversation.*—Where the declarations of a party are proved against him, what he says in his own behalf at the same time is competent, but not conclusive, evidence in his favor. Bears *v.* Copley, 10 N. Y. 93.

A party, whose statement has been given in evidence against him by his opponent, has no right to prove all that he said at the same time, or in the same conversation, solely because such further or other statements were made at the same time or in the same conversation. Rouse *v.* Whited, 25 N. Y. 170.

Where part of a conversation has been given in evidence, any other or further part of the conversation may be given in evidence in reply, which will in any way explain or qualify the part first given in evidence, and there is no difference in this respect between statements made in conversation by a party to the suit and those made by a

third party. All statements made in a conversation, in relation to the same subject or matter, are to be supposed to have been intended to explain or qualify each other, and, therefore, the plainest principles of equity require that, if one of the statements is to be used against the party, all the other statements tending to explain it or to qualify this use, should be shown and considered in connection with it. Id. In this case, where the plaintiff, to show that his property had been applied to the defendant's use, in payment of a note made by the defendant and indorsed by the plaintiff, proved that the defendant pointed out the property to the sheriff and declared that it was the plaintiff's, the defendant was held to be entitled to prove his statement in the same conversation that the note was the plaintiff's debt and he was to pay it.

In Misselbeck v. Greime, 2 N. Y. S. C. 660, after a witness for plaintiff had testified to an admission by defendant, it was held to be proper to put to him on his cross-examination the question, " How much did defendant say he owed plaintiff at that time and in that conversation?" and that it did not conflict with the rule laid down in Rouse v. Whited, ante.

In an action for personal injuries, where the defendant gives evidence of the statements and declarations of the plaintiff in respect to the circumstances of the injury done, after the occurrence, the plaintiff will not be permitted to prove by another witness his own declarations relating to the same subject, not appearing to be a part of the conversation proved by the defendant. The admission of such independent declarations, though made not far from the time of those already in evidence, is erroneous. Downs v. N. Y. Central R. R. Co., 47 N. Y. 83.

There is a limit to the extent to which a party may go in calling out what was said by and to him in a conversation, parts of which the other party has proven. Platner v. Platner, 78 N. Y. 90. The rule is that where part of a conversation has been given in evidence, any other or further part of that conversation which will in any way explain and qualify the part first given, may be given in evidence in reply. Id. Prince v. Samo, 7 Ad. & Ell. 627. In the latter case, the rule is applied only to the declarations of a party to the action, and so far it is approved in Garvey v. Nicholson, 24 Wend. 350, where it is held that where a party on the trial of a cause avails himself of an admission of his adversary to sustain his action or defense, the opposite party is entitled to prove such other parts of the conversation had on his part as tend to explain, modify or even destroy the admission made by him; but is not at liberty to call for such parts of the conversation had by him as relate to assertions operating in his favor made upon the general merits of the case, but having no connection with the ad-

mission made. The rule is not limited to the admissions of a party, but will apply to the declarations of a third person. Platner *v.* Platner, *ante;* 1 Phil. on Ev. 415. In the last case cited, the plaintiff offered to show the whole conversation, not limiting the offer to what was said that would explain or qualify what had been proved by the defendant, and the offer was for this reason properly denied.

The introduction of a part of a writing in evidence by one party renders admissible, on the other side, so much of the remainder as tends to explain or qualify what has been received; and whatever rebuts or destroys the inference to be drawn from, or the use to be made of, the portion put in evidence, is to be deemed a qualification. Grattan *v.* Metropolitan Life Ins. Co., 92 N. Y. 274. This case was an action on an insurance policy, and to prove the falsity of an answer as given in the report of the medical examiner, the defendant put in evidence a portion of a letter written by the insured; and the plaintiff was properly permitted to read in evidence the remainder of the letter, which gave a history of the transaction, showing that the writer gave the correct answer and was ignorant of the fact that an untruthful answer was written in the report. The defendant, by reading a part of it in evidence, was bound to take with it all that explained or qualified what preceded. Id.

Where one party reads a part of a statement or writing, the opposite party may read so much of the remainder as tends to qualify or explain what has been received. Parmenter *v.* Boston, H. T. & W. R. Co., 37 Hun, 354; Rouse *v.* Whited, *ante;* Grattan *v.* Metropolitan Life Ins. Co., *ante.* But a party reading a part of a statement or correspondence cannot be compelled by his adversary to read it all. The other party can read it himself, if he wants it and it is material and competent within the rule above stated. Parmenter *v.* Boston, H. T. & W. R. Co., *ante.*

In an action by a lessee for damages on the ground that his use of the demised premises was obstructed by the lessor, one of plaintiff's witnesses, upon cross-examination, testified that he attempted to negotiate with defendants a sale of plaintiff's business, and, on his redirect examination, was allowed to testify that, when plaintiff requested him to undertake the negotiation, he stated, as a reason for his desire to sell, that defendants had obstructed him and he could not compete with them. Blumenthal *v.* Bloomingdale, *ante.*

In an action of ejectment for certain lands claimed by the plaintiff to have been conveyed to her by a deed, which, after its delivery, was wrongfully taken and destroyed by the grantor, plaintiff's husband, after having testified, on his direct examination, to the fact that plaintiff exhibited the deed to him, testified, on cross-examination, that he asked her to see the deed, and was then allowed to state, on

redirect examination, that before he asked to see the deed, and in the same conversation, plaintiff told him that she had a deed of the place, on the ground that it was merely explanatory of his statement on cross-examination. Simmons *v.* Havens, 101 N. Y. 427.

And where a party was called as a witness by the adverse party and was examined as to a transaction with a deceased person in reference to which he would have been precluded from testifying in his own behalf, it was held that he was entitled, upon his own examination, to explain his testimony, and to state the whole transaction. Merritt *v.* Campbell, 79 N. Y. 625.

Where one party proves an admission of the other party against him, the latter has a right to insist that the whole of the conversation be taken together, and he may prove all that was said at the time, as well what makes in his favor as what is against him, and the whole admission is presumably true until some part of it is impeached by evidence. Citizens' Nat. Bk. *v.* Importers', etc., Nat. Bk., 44 Hun, 386; Rouse *v.* Whited, *ante.* This rule has no application to a case where one party proves an act, and not the admission of the adverse party; and though the latter may give in evidence his statement accompanying the act, such statement will not be taken, without evidence, as presumably true. Citizens' Nat. Bk. *v.* Importers', etc., Nat. Bk., *ante.* In this case, a depositor sued a bank for not paying his check when his account was good, and proved the demand and refusal when the check was presented for payment. The court held that, though the defendant had a right to prove by the witness testifying to the demand and refusal the reason given for the refusal, there was no principle of law which justified the assumption, without evidence, that the reason given was true.

*Effect.*—Where a person was sued for a physician's bill, and admitted that the plaintiff had furnished the medicine, etc., charged in his account, but also said that she had not employed him, and was under the age of twenty-one years, it was held that the whole declaration must be taken together and would not authorize a judgment against the defendant. Wailing *v.* Toll, 9 John. 141.

When a party relies upon the confession of his adversary for matter of charge, the latter is entitled to all that was said at the same time, on the same subject, by way of discharge. Dorland *v.* Douglass, 6 Barb. 451. The court and jury may give credit to what charges the party, and disbelieve matter said at the same time in avoidance, if the latter is improbable in itself, or is shaken by the other proofs in the case. Id. But, if the matter of avoidance relates to another subject not inquired about by the examining party, though relevant to the matter in issue, it is not admissible within this rule. The further conversation must not only relate to the matters in issue, but also to

the fact called out by the other party. The latter, if he calls for the admissions of his adversary on a particular point, must take with it all that was said on that point. Id. In Credit *v.* Brown, 10 John. 365, where the plaintiff in trespass for killing his dog proved that the defendant confessed that he had shot the dog, that assaulted him on the main road, the admission and avoidance relate to the same subject, cannot be disjoined, and, when taken together, amount to a justification.

In Smith *v.* Jones, 15 John. 229, the only evidence of the sale, in assumpsit for goods sold, was the admission of the defendant united with a statement that he had paid for them. So, in Carver *v.* Tracy, 3 John. 427, the defendant admitted that he had received a dollar of the plaintiff, but said that it was his due. Wailing *v.* Toll, *ante*, is to the same effect. In each of these cases the plaintiff was not permitted to recover, as there was no evidence with which to charge the defendant with the debt save his admission which was coupled with a declaration of payment or other discharge, and no other proof in the case. In them also the whole confession was made at the same time, and related to the same point of inquiry. But in Dorland *v.* Douglass, *ante*, the confession given in evidence by the defendant related to a note which was not in suit, and the plaintiff was not permitted to use in his own favor a declaration made by himself, at the same time, but concerning the note sued upon, on the ground that the matter thus proposed to be shown had no connection with the answer to the question originally put to the plaintiff, nor tended in any manner to qualify or limit it.

The whole confession of a party, when resorted to as evidence against him, must be taken together, though it does not follow that all is entitled to credit. Pierce *v.* Delamater, 3 How. 162. The part of the confession which, it is claimed, makes against the party calling it out, must be full and certain; in fact, enough to constitute a defense if proved by other testimony. Id. In this case, defendant admitted the correctness of an account that was shown him, but at the same time said that he had an off-set, and it was held that plaintiff's case was made out and defendant was bound to prove his set-off on the trial.

The general rule is, that where the admission of a party is resorted to as evidence against him, he is at liberty to call out the whole conversation of which the admission was a part. But the additional conversation must be relevant to the matter in issue, and must relate to the point or fact called for on the part of his antagonist by questions on his side. Garvey *v.* Nicholson, 24 Wend. 351; Prince *v.* Samo, 7 A. & Ell. 627; Kelsey *v.* Bush, 2 Hill, 440. But, if the part of the admission, which goes to discharge the party making it, is highly improbable, or there is some evidence aliunde, though but slight, tending to

Admissibility and Effect of the whole of a Statement in Evidence.

discredit it, the jury may reject it and give effect to the other part. Kelsey *v.* Bush, *ante.* Where, however, there is nothing improbable or suspicious in that part of the admission which goes to discharge the party, and the other evidence in the cause tends to confirm its truth, the party should be allowed the benefit of the whole admission taken together. Id.

In Penfield *v.* Jacobs, 21 Barb. 335, the court held that a cause of action may be established by proof of the defendant's admissions, where the justice or jury believe those that make against him, and disbelieve those that make in his favor, when the latter are inconsistent and contradictory.

A party whose admission is introduced in evidence against him, has a right to have all he said upon the subject at the time taken and considered together. Barnes *v.* Allen, 1 Abb. Ap. Dec. 111. He has a right to the benefit of the portion which tends to excuse or justify the act; and if the whole statement taken together does not make out a cause of action, the action must fail if there is no other evidence to support it. Id. Credit *v.* Brown, *ante;* Smith *v.* Jones, *ante.* And, though the jury are not necessarily bound to give equal credit to all parts of the statement, it is not proper to instruct them, in effect, that they may arbitrarily believe the fact admitted, and disbelieve the reason for it. Barnes *v.* Allen. *ante.*