### VAN PATTEN v. ULRICH.

*(Supreme Court, General Term, Fifth Department.    April 16, 1891.)*

NEGOTIABLE INSTRUMENTS—ACCOMMODATION INDORSERS.

In an action by one accommodation indorser against his co-indorser to recover one-half of the amount of the note paid by plaintiff it appeared that the indorsements were procured at the instance of one S., to whom the makers of the note applied for a loan, and the note so indorsed was delivered by the makers to S., who indorsed it and had it discounted, and paid over the proceeds to the makers. The makers at the same time delivered to S. sufficient personal property to indemnify S. against loss. When plaintiff paid the note, S. turned over to him enough of the property to indemnify plaintiff against the claim made by him against his co-indorser. *Held,* that a judgment for defendant would not be disturbed.

Appeal from judgment on report of referee.

Action by Frederick Van Patten against Constantine Ulrich. There was a judgment for defendant, and plaintiff appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Rich & Dutton,* for appellant.    *F. D. Wright,* for respondent.

MACOMBER, J.    This action is brought by one indorser of a promissory note against his co-indorser, to recover one-half of the amount paid to the holder of the paper after maturity, and after notice of demand and non-payment had been given to both indorsers. The note was made by the firm of Bohn & Bowen on the 25th of September, 1884, in the sum of $200, payable three months after date, with interest, at the First National Bank of Auburn. Both parties to this suit indorsed the note solely for the accommodation of the makers. Their indorsement was procured at the instance of one Mr. Smith to whom the makers had applied for a loan, and who had told them, in substance, that he could procure the money for them, provided they obtained the indorsement of these persons. The note was accordingly made as suggested by Smith, indorsed by Ulrich first, and by Van Patten afterwards, and taken by the makers to Smith, who in turn indorsed it, and presented it at the First National Bank, which discounted it at Smith's request, and the proceeds, viz., $200, handed to him,—the identical money received by Smith from the bank being turned over by him to Bohn & Bowen. After the maturity of the note an action was brought by the bank against Van Patten, the plaintiff in this action, who paid the note and costs in full, and he now brings this action against his co-indorser for contribution. The learned referee has found that the note was executed and delivered in pursuance of a corrupt and usurious agreement made between Bohn & Bowen on the one side and Smith on the other, by which Smith should loan to the makers the sum of $200 at three months, on the condition that the makers should pay him the sum of $25 over and above lawful interest. It further appears in evidence, and the fact is found by the referee, that Bohn & Bowen gave Smith a note of $25, which was paid three days thereafter, and which the referee has further found was done in pursuance of the usurious agreement. It is upon this ground solely that the decision of the learned referee in favor of the defendant has been given. It seems to us, however, that the fair construction of the the testimony of Bowen and Smith, who gave all the evidence relating to this subject, goes rather to show that the sum of $25 was paid to Smith for accommodation to them by way of indorsement, and procuring the note, as so indorsed by him, to be discounted by the bank, rather than as an usurious transaction. Whatever the preliminary talk may have been between the parties, it is conceded that when they came to act upon the

previous negotiations Smith received the note with the indorsements, added his own, and that then the bank discounted it for him, and mainly upon his responsibility, paying over to him the full face thereof. He retained no part of the principal sum, but delivered the identical bills to the makers of the note. There was, therefore, no usury in the transaction. The bank was the first and only holder of the note for value. Its inception was when the cashier discounted the note. The paper, therefore, did not have the taint of usury upon it. But there is a ground, however, upon which the judgment appealed from may be affirmed. Whatever the agreement between the makers and Smith was, there was turned out by the makers to him sufficient personal property as collateral security to indemnify him from all liability upon the note. After the note had been paid by this plaintiff, and apparently as a part of that transaction, Smith turned over to him the most of this personal property, at least sufficient to indemnify the plaintiff against the claim now made by him against his co-surety. The plaintiff was subrogated to the rights of Smith. One who indorses negotiable paper for the accommodation of another party to the instrument has all the rights of a surety, and is exonerated in like manner in respect to every one having notice of the facts. *Rouse* v. *Whited*, 25 N. Y. 170; *Barry* v. *Ransom*, 12 N. Y. 462; *Griffith* v. *Reed*, 21 Wend. 502; *Greenough* v. *McClelland*, 2 El. & El. 424; *Pooley* v. *Harradine*, 7 El. & Bl. 431; *Davies* v. *Stainbank*, 6 De Gex, M. & G. 679. It is an established principle, elementary in its character, that a surety is entitled to the benefit of every security for the performance of the principal obligation, whether held by the creditor or by a co-surety, whether the same was given at the time of entering into the contract or was acquired afterwards, and whether the surety was or was not aware at the time this contract was made of the fact that such security had been given. *Stirling* v. *Forrester*, 3 Bligh, 575–590; *Aldrich* v. *Cooper*, 8 Ves. 381; *Ramsey* v. *Lewis*, 30 Barb. 403; *Pledge* v. *Buss*, Johns. Eng. Ch. 663; *Pearl* v. *Deacon*, 24 Beav. 186. For the reasons here stated the judgment appealed from should be affirmed. All concur.