County Court, Saratoga County, December, 1906.    [Vol. 52.

HUGH B. DUGAN, Respondent, *v.* FRANCIS LONGSTAFF, Appellant.

(County Court, Saratoga County, December, 1906.)

Evidence — Documentary evidence — Books of account — In general.
Justices of the peace — Appeal and error — Determination and disposition of cause — Modification or reversal in part.

> A ledger in which were entered by plaintiff charges against defendant for groceries sold him, but in which no entries of payments by defendant were made, is not such a book of account as can be used in evidence in plaintiff's favor.

> But where such book was received in evidence and a judgment was rendered by a justice of the peace in plaintiff's favor for $78.97, and it appeared that defendant had admitted his liability to the amount of $59.12, the judgment will be reduced to the latter amount with costs and, as thus modified, affirmed.

APPEAL from a judgment of a Justice's Court rendered in favor of plaintiff.

D. A. Lockwood, for appellant.

L. B. McKelvey, for respondent.

ROCKWOOD, J.   The plaintiff, a meat and grocery dealer, brought this action to recover for goods alleged by him to have been sold and delivered to the defendant.   In addition to a general denial, the answer pleaded the Statute of Limitations and payment.   At the trial before the justice of the peace the plaintiff had judgment for the amount of his demand and costs, in all eighty-two dollars and forty cents, from which defendant has appealed.

Hugh B. Dugan, the plaintiff, was sworn in his own behalf.   He testified in substance that in dealing with the defendant his custom was to make duplicate slips of the sale, one of the slips being delivered with the goods and the other being filed after the amount had been entered in the ledger. The plaintiff had several clerks, any one of whom, in making

a sale to the defendant, prepared the requisite slip, and that system of making charges prevailed in the plaintiff's business. These slips having been destroyed by fire, the plaintiff, upon proof of that fact, sought to prove his case by establishing his ledger as a book of original entry within the theory of Vosburgh v. Thayer, 12 Johns. 461, the well-known leading authority upon that subject. This evidence, however, was unsatisfactory and insufficient in that respect in view of the plaintiff's frank admission, upon cross-examination, that he had " made no entries in ledger of payments made by defendant," which he followed by the further concession that " defendant has made payment at different times." It is difficult to conceive of books of account, claimed to be correct as a basis for legal liability, which record only the debit side of an account. Such books, while possibly valuable as memoranda of what they contain, fall far short of the positive proof contemplated by both the letter and spirit of Vosburgh v. Thayer. Did the plaintiff's case rest entirely upon his having legally proved his book of account, it would be necessary to reverse the judgment and direct a new trial. But there was testimony of the admission by defendant that he was indebted to plaintiff in the sum of fifty-nine dollars and twelve cents. Plaintiff testified that, having rendered a bill to defendant for fifty-nine dollars and twelve cents, he subsequently talked with defendant who expressed regret that the bill had not been paid before and said he " would attend to it as soon as possible." There was also a later conversation in which defendant said that he would pay fifty dollars " about the middle of the month." In his denial of these conversations the explanations of the defendant were somewhat labored; and the justice of the peace, who had the witnesses before him, was evidently justified in attaching credence to the statement of the plaintiff. Those promises of payment by the defendant in connection with the previous presentation of the bill to him are sufficient as admissions to sustain the judgment against him to the amount of fifty-nine dollars and twelve cents. Penfield v. Jacobs, 21 Barb. 335; Treadwell v. Bruder, 3 E. D. Smith, 596; Roberts v. Gee, 15 Barb. 449.

The justice has found the facts in plaintiff's favor; and with such result this court, upon a careful review of the evidence, is constrained to agree to the extent of fifty-nine dollars and twelve cents for the reasons aforesaid. As to the balance of the judgment, sufficient legal proof to sustain it does not appear in the record. The damages awarded to the plaintiff, to wit, seventy-eight dollars and ninety-seven cents, are, therefore, reduced to fifty-nine dollars and twelve cents, which, with costs below added, makes sixty-two dollars and fifty-nine cents, in which amount said judgment is affirmed, with ten dollars costs and disbursements of this appeal to the respondent, pursuant to subdivision 5 of section 3066 of the Code of Civil Procedure. The plaintiff would have been allowed interest upon said amount of fifty-nine dollars and twelve cents, but the record is silent as to the date when the bill was presented, so that the court is not sufficiently advised in order to make an accurate computation.

Judgment reduced to fifty-nine dollars and twelve cents, which, with costs below added, makes sixty-two dollars and fifty-nine cents, in which amount said judgment is affirmed, with costs.